IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ELIZABETH J. POWELL, Defendant, STEFFES, Garnishee. | CR 16-12-H-SEH **AGREED FINAL ORDER IN GARNISHMENT** |

Per the parties' stipulations and agreement,

**ORDERED:**

1. The judgment defendant's name and social security number are Elizabeth Powell, \*\*\*-\*\*-7884. Powell resides in Dickinson, North Dakota.

2. A Judgment was entered against Powell for $467,136.08. The total balance due on the Judgment, as of January 7, 2022, is $465.451.91.

3. The garnishee, Steffes, whose address is 3050 ND-22, Dickinson, ND 58601, has in its possession, custody, or control property of Powell in the form of wages paid to her.

4. A Writ of Continuing Garnishment was issued on October 26, 2021.[1]

5. Powell stipulates that her wages are subject to garnishment under 28 U.S.C. § 3205 and that the entry of a final order in garnishment is proper.

6. The parties stipulate to the entry of a final order in garnishment against the non-exempt wages of Powell. Steffes shall pay to the United States the total sum of $500.00 per month or 25%, whichever is less, withheld from the wages owed to Powell. Upon request of the Office of the United States Attorney or U.S. Probation Office, Powell shall provide a new financial statement, tax returns, or other financial information. Upon review of updated financial information, payments may change in accordance with current financial status.

7. Sums withheld from Powell's wages will be applied to the judgment against Powell in this case. Payments are to continue until the unpaid balance is fully paid and satisfied. Checks should be made payable to: "Clerk of U.S. District Court", referencing CR 16-12-H and mailed to:

Clerk of U.S. District Court
201 E. Broadway
Missoula. MT 59802

8. Nothing in this agreement prevents the plaintiff from pursuing administrative offsets of any funds owed to Powell by any government

---

[1] Doc. 71.

agency, including the Internal Revenue Service. Powell specifically consents to any such offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance but will not interrupt the periodic payments withheld from wages described above unless it results in payment in full.

9. Powell may, at any time, request an accounting of funds garnished. Powell hereby knowingly waives any rights that she may have under 28 U.S.C. § 3205(c)(9) to any automatic accounting.

DATED this 18th day of January, 2022.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge